## LAY *v.* WALLACE.

### Opinion delivered February 3, 1913.

1. BILLS AND NOTES—ACCOMMODATION NOTE—NOTICE.—Where appellants executed an accommodation note with M. for a specific purpose, and it appears that M. materially diverted the note from its original destination, the holder of the note can not recover upon it against the accommodation makers, unless he receives it in good faith, without notice, and for value. (Page 461.)

2. SAME—SAME—SAME.—Where appellants signed a note as accommodation with one M., with the express understanding that M. was to use it in the purchase of a span of mules from one T., and give appellants a mortgage on the mules, and instead, M. used the note in the purchase of two horses from one K., over appellants' protest, and the appellee became the holder of the note after maturity, with knowledge that the note was an accommodation note; *Held*, appellee can not recover on the note from the accommodation makers. (Page 461.)

Appeal from Searcy Circuit Court; *George W. Reed*, Judge; reversed and dismissed.

*S. W. Woods,* for appellant.

1. The note being accommodation paper and not used for the purpose for which it was executed, appellants are not bound by it. 65 Ark. 209; 95 Ark. 368; 53 Fed. 875; 1 Denio (N. Y.) 583; 1 Duvall, 415; 35 Conn. 372; 34 Ind. 251. The case of Evans v. Speer Hardware Company, 65 Ark. 204, relied on by appellee in the lower court is not analogous to this on the facts, and is not an authority against appellant's contention.

2. If there was any evidence to support appellant's theory of the case, the court erred in directing a verdict for appellee. 63 Ark. 94; 71 Ark. 445; 76 Ark. 520; 71 Ark. 303.

*E. G. Mitchell,* for appellee.

The case of Evans v. Speer Hardware Company, 65 Ark. 204, 211, controls in this case, and settles the issues raised herein favorably to appellee.

HART, J. Appellants prosecute this appeal to reverse a judgment rendered against them in favor of appellee on a promissory note. The facts are practically undisputed, and are as follows:

Elbert Treece agreed to sell Jno. F. McKinney a span of mules provided he would bring him a note for the contract price on a given day signed by the appellants, S. A. Lay and W. S. Mays. McKinney procured appellants, Lay and Mays, to sign a note with him, dated October 3, 1907, payable to the order of Elbert Treece, three months after date. He carried this note to Treece to buy the span of mules. He did not arrive on the day agreed and Treece had made other arrangements about his mules and did not trade with McKinney. Treece, however, went to John Kimbell and told him about the transaction. Kimbell sold McKinney a team of horses and a wagon and took the note of McKinney signed by Lay and Mays, and payable to the order of Treece, in payment for them. He knew that the note had been executed for the purpose of enabling McKinney to buy the span of mules from Treece. A few days after McKinney

traded the note to Kimbell, Kimbell carried the note to Treece and had him to endòrse it. About three years after this, the note was assigned to the appellee, Wallace, for a valuable consideration, and Wallace instituted this suit against appellants to recover on the note.

The appellants testify that they signed the note as sureties for McKinney for the purpose of enabling him to buy a pair of mules from Elbert Treece which McKinney had described to them. They turned the note over to McKinney to go and get the mules, with the express understanding that he would bring the mules back and give a mortgage on them to secure appellants for signing the note. Several days after McKinney made the trade with Kimbell for the horses and wagon, he carried them to appellants for the purpose of executing a mortgage on them. They said the horses were old and of much less value than the mules, and that they declined to take a mortgage on them. They then wrote to Kimbell and explained the matter to him, and told him to come and get his horses. Appellants then proposed to prove that McKinney returned the wagon and team to Kimbell, and that Kimbell kept them. The court excluded this evidence and the appellants saved their exceptions.

Appellee testified that it was not until two or three months after the trade was made that appellants came to his house and told him they would not pay the notes. He said the next day they wrote and had published in the county paper, a notice that they would not pay the note. Appellee stated that at that time he had the note in the Marshall Bank as collateral security.

The undisputed evidence shows that appellants signed the note for the accommodation of McKinney, and that appellee had notice of that fact. In the case of *Simmons National Bank* v. *Dilley Foundry Co.*, 95 Ark. 368, the court held that, knowledge that a note is in the hands of one of the joint makers to be negotiated for his benefit is sufficient to give notice that the others signed for accommodation merely. To the same effect is *Evans* v. *Speer Hdw. Co.*, 65 Ark. 204.

Appellee relies upon the case of *Evans* v. *Speer Hardware Co., supra,* to maintain his action on the note. There the court held: "The fact that the accommodation makers of a note signed it for the purpose of raising money to pay certain debts of the accommodated party, and that the latter diverted the proceeds so raised, will not constitute a defense in favor of the accommodation makers, as against a *bona fide* holder of the note."

The reason for the decision in that case was that the note had affected the substantial purpose for which it was designed by the parties and the accommodation maker could not object that it was not affected in the precise manner contemplated at the time the note was signed by them. But we do not think the principle there announced is applicable to the facts of this case. If appellants had signed the note merely to enable McKinney to buy a span of mules or horses, then the case would be in point, for, as above stated, the substantial purpose intended by the parties would be affected when a span of horses or mules had been purchased. We think the facts in the instant case are essentially different. Appellants signed the note for McKinney for the express purpose of buying a pair of mules from Elbert Treece which had been described to them, and upon which they were to take a mortgage to secure themselves. Kimbell had notice when he took the note in exchange for his horses and wagon that it was executed for this very purpose. Appellants testified that the horses and wagon purchased by McKinney from Kimbell were of much less value than the mules, and were not sufficient to secure them as sureties on the note. According to their testimony, which is undisputed, they were prejudiced by McKinney buying the horses instead of the mules. The facts show that the note was materially diverted from its original destination, and in such cases the holder can not recover upon it against the accommodation maker unless he receives it before maturity, in good faith, without notice, and for value. As above stated, appellee did not become holder of the note until after its maturity, and Kimbell,

who took the note from McKinney in payment for his horses and wagon, had notice of the restricted or special purpose for which it was intended by the accommodation makers.

Therefore, we hold that appellee was not entitled to recover in this action. The facts have been fully developed and no useful purpose can be served by remanding the case for a new trial. No inference of fact more favorable to appellee than we have stated could be legitimately drawn by the jury, and appellants, as a matter of law, were entitled to a directed verdict. It follows that the judgment must be reversed and the cause of action dismissed. It is so ordered.